```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

APRIL D. SHEFFIELD,

      Plaintiff,

v.                                Case No.  8:13-cv-20-T-33MAP

THE CITY OF SARASOTA, JASON REED,
in his individual capacity, JOHN
LAKE, in this individual
capacity, and TODD TSCHETTER, in
his individual capacity,

      Defendants.
_____/

### ORDER

This matter comes before the Court sua sponte.  The Court remands this action to the state court as specified below.

### I.  Background

April Sheffield, a resident of Sarasota County, Florida, was arrested in Sarasota, Florida on September 2, 2008, in connection with a landlord/tenant dispute. (Doc. # 10 at ¶¶ 2, 10, 12).  On August 31, 2012, Sheffield filed a state court action against the City of Sarasota and three of its police officers for false arrest, false imprisonment, intentional infliction of emotional distress, and violation of the Fourth and Fourteenth Amendments to the United States Constitution via 42 U.S.C. § 1983.  (Doc. # 2).  The Defendants removed the action to this Court on January 2, 2013, "pursuant to 28 U.S.C. § 1331 because a substantial portion of Plaintiff's

Complaint seeks relief pursuant to 42 U.S.C. § 1983." (Doc. # 1).

On April 8, 2013, with leave of Court, Sheffield filed an Amended Complaint containing only state law claims. (Doc. # 10). The Amended Complaint omits the previously asserted § 1983 claims.

## II. Legal Standard

District Courts "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). Although the filing of an amended complaint to drop all federal claims in removal cases does not automatically divest the Court of supplemental jurisdiction, the Court may, nevertheless, decline to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(c)(3). See Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002)("The court had discretion to retain jurisdiction over the state law claims even after [the plaintiff] amended the complaint to remove any federal cause of action."); see also Shelley v. City of Headland, No. 1:09-cv-509-WKW, 2009 U.S. Dist. LEXIS 62243, at *4 (M.D. Ala. July 21, 2009); Farrell v. G.M.A.C., No. 2:07-cv-817-FtM-34DNF, 2008 U.S. Dist. LEXIS 31065, at *3 (M.D. Fla. Apr. 15, 2008). "The court may

decline to *continue* its exercise of supplemental jurisdiction because 'no basis for federal jurisdiction *presently* exists.'" Shelley, 2009 U.S. Dist. LEXIS 62243, at *4-5 (quoting Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1123 (11th Cir. 2005)).

In deciding whether it is appropriate to continue to exercise supplemental jurisdiction over state law claims once all federal claims have been dropped, the Court "take[s] into account concerns of comity, judicial economy, convenience, fairness, and the like." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001)(citations omitted).

### III. Analysis

In the present case, concerns of comity weigh in favor of remand. The Amended Complaint consists entirely of state law causes of action asserted by a Sarasota, Florida Plaintiff against four Sarasota, Florida Defendants. These claims are optimally addressed by the state court. see Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)(state law claims are best resolved by the state court).

Additionally, considerations of judicial economy militate strongly in favor of remand because this case is in its infancy. As noted, this action was removed to this Court on January 2, 2013. The parties have yet to advance past the

pleadings stage or engage in any discovery.  In addition, the case has not yet been set for trial and there are no motions pending at this time.  "[W]hen federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Nor would remand inconvenience the parties.  In addressing the matter of convenience, courts have looked to the location of the parties.  See e.g. Garcia v. Cullen, No. 6:12-cv-650-Orl-28DAB, 2012 U.S. Dist. LEXIS 76915, at *7 (M.D. Fla. May 14, 2012).  It appears that remand to the Sarasota, Florida Court would be most convenient to the parties here, as each party is located in Sarasota, Florida.

Finally, the record does not suggest that Sheffield has engaged in any manipulative or unfair tactic in an effort to procure a remand.

**IV. Conclusion**

Having found that no basis for federal jurisdiction presently exists and taking into consideration various factors bearing on the propriety of exercising supplemental jurisdiction over the state law claims, this Court, in its discretion, declines to exercise supplemental jurisdiction

over the state law claims.  The Court remands this action to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) This case is **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.

(2) After remand has been effected, the Clerk shall **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of April, 2013.

／s／ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record